## SULTAN v. BAILEY.

### (Supreme Court, Appellate Term. November 30, 1903.)

1. AGENCY—ATTORNEY AND CLIENT—SERVICES—EMPLOYMENT BY AGENT—AC-
CEPTING BENEFITS OF EMPLOYMENT—EFFECT.

 After plaintiff, an attorney, who was retained in a foreclosure suit by
defendant's mother, a defendant to that record, had successfully inter-
posed a counterclaim in her behalf, he consented to a discontinuance of
the action in aid of a settlement whereby the mortgage debt was reduced
by the amount of the counterclaim, and a new loan substituted; the
mother promising that his fees should be paid out of the proceeds of
the loan, in order to induce him to forego a lien for his services. De-
fendant then came forward for the first time when her signature to the
new mortgage became necessary to conclude the transaction, the benefit
of which she accepted. *Held*, that she was prima facie liable for plain-
tiff's services, apart from any question as to her mother's agency to re-
tain plaintiff in the first instance.

Appeal from Municipal Court, Borough of Manhattan, Eleventh
District.

Action by Simon Sultan against Ethel E. Bailey. From a judg-
ment for dismissal of the complaint, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and
BLANCHARD, JJ.

Simon Sultan, in pro. per.

Julius Henry Cohen, for respondent.

BISCHOFF, J. Pending foreclosure this defendant took title to
the property without the knowledge of the attorney for the defendant
to the record, in whose behalf he had successfully interposed a
counterclaim. This action was brought for the value of the services
rendered by him as such attorney, and, the justice having dismissed
the complaint for failure of proof at the close of his case, the question
presented upon this appeal is whether there was any evidence to
charge the defendant prima facie with liability.

It appears that the plaintiff was retained in the foreclosure suit
by Mrs. Bailey, defendant's mother, and a defendant to that record,
and that all his dealings were had with her. At the request of Mrs.
Bailey, however, after a favorable finding upon the counterclaim, the
attorney (this plaintiff) consented to a discontinuance of the action
in aid of a settlement whereby the mortgage debt was reduced by the
amount of the counterclaim, and a new loan substituted, the loan
being dependent (as the justice had found) upon the discontinuance,
which the attorney consented to upon Mrs. Bailey's promise that his
fees should be paid out of the proceeds of that loan. All steps to-
ward obtaining the loan were taken actively by Mrs. Bailey, and this
defendant came forward for the first time when her signature to the
new mortgage became necessary to conclude the transaction. While
there would seem to be no support for the claim that the services in
suit were accepted by the defendant with knowledge of the fact that
the attorney was acting in her interest, enough is shown to charge
her, as principal, upon the promise that the fees should be paid from
the new loan. This promise was made to induce the attorney to

forego a lien for his services, and his acceptance was a necessary step in the securing of the loan for the defendant's benefit. The defendant adopted Mrs. Bailey's acts when concluding the loan, for she could not accept the benefit of the agency assumed, taking the burdens of that instrumentality; and the promise to the attorney was absolutely essential to the transaction concluded by the assumed agent's efforts. Rumsey v. Briggs, 139 N. Y. 331, 34 N. E. 929. A prima facie case within the complaint as framed was therefore made out, apart from any question as to Mrs. Bailey's agency to retain the attorney in this first instance, and the nonsuit was erroneous.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.